UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RICHARD NEIL BAREFOOT, | ) | |
|---|---|---|
| No. 533702, | ) | |
| | ) | |
| Petitioner, | ) | No. 3:15-cv-00914 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| DEBORAH K. JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |

## **M E M O R A N D U M**

By order and accompanying memorandum entered on December 23, 2015, the court denied Richard Barefoot's *pro se* petition seeking federal *habeas corpus* relief under 28 U.S.C. § 2254 and dismissed his claims with prejudice. (Docket Nos. 17 & 18). The court also denied as moot the petitioner's motion for appointment of counsel. (*Id*.)

On January 7, 2016, the petitioner submitted a letter to the court "requesting a further review and hearing be accorded in the matter of Case 3:15-cv-00914." (Docket No. 21). The court construes the plaintiff's filing as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P.[1]

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999)(citations omitted).

---

[1]Although the letter was docketed as a motion to reopen case, the court finds that the letter is more properly construed as Rule 59(e) motion to alter or amend because the petitioner still has time within which to appeal the court's decision and the letter was submitted within the twenty-eight day requirement for filing a motion to alter or amend a judgment. In any event, the same remedy is sought by the petitioner either way: further review of his case in which a final judgment already has been entered.

1

The movant may not use Rule 59 to re-argue the case or to present evidence that should have been before the court at the time judgment entered. *See Roger Miller Music, Inc., v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007)(collecting cases). The courts within this Circuit adhere to the principle that a motion to alter or amend is an extraordinary remedy that, in deference to the interests of finality and conservation of judicial resources, courts should only sparingly grant. *Stojetz v. Ishee*, 2015 WL 196029, at *1 (S.D. Ohio Jan. 13, 2015)(citing *American Textile Mfrs. Institute, Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1997)).

The petitioner advances two reasons why he believes the court should "further review" his case and alter or amend the court's decision to deny his petition. He first contends that the court erred as a matter of law in finding that the petitioner's due process claim was procedurally defaulted. (Docket No. 21 at p. 1). In its memorandum entered on December 23, 2015, the court found that the petitioner's due process claim was procedurally defaulted because he did not raise the claim on direct appeal to the Tennessee Court of Criminal Appeals and because he did not seek discretionary review of a due process claim in his petition to appeal to the Tennessee Supreme Court. (Docket No. 17 at p. 14). The petitioner, on the other hand, insists that his attorney raised a due process claim "on direct appeal to the Tennessee Supreme Court." (Docket No. 21 at p. 1)

Under Tennessee law, a criminal defendant has an appeal as of right to the Tennessee Court of Criminal Appeals from a final judgment entered by a trial court under Tenn. R. App. P. 3(b). Further review by the Tennessee Supreme Court from the final decision of the Tennessee Court of Criminal Appeals lies within the decision of the Supreme Court, based upon criteria outlined in Tenn. R. App. P. 11(a). Issues not raised in the trial court or in the intermediate appellate court are considered waived and will not be considered by the Tennessee Supreme Court. *Brown v. Roland*,

2

357 S.W.3d 614, 620 n.6 (Tenn. 2012); *Hodge v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012)(holding that "issues are properly raised on appeal to this Court when they have been raised and preserved at trial and, when appropriate, in the intermediate appellate courts and when they have been presented in the manner prescribed by Tenn. R. App. 27."); *Baugh v.Novak*, 340 S.W.3d 372, 381 (Tenn. 2011).

Thus, there is no "direct appeal to the Tennessee Supreme Court" as the petitioner alleges. The record shows that the petitioner did not raise a due process claim in his direct appeal to the Tennessee Court of Criminals Appeals. (Docket No. 15-6 at p. 4). Even if the petitioner raised a due process claim in his petition seeking discretionary review by the Tennessee Supreme Court (*see* Docket No. 15-10 at p. 4), a state prisoner does not fairly present a claim to the Tennessee appellate courts by presenting it for the first time in an application for discretionary review to the state's highest court. *See Brown*, 357 S.W.3d at 620 n.6; *Hodge*, 382 S.W.3d at 334; *Baugh*, 340 S.W.3d at 381. Thus, despite Barefoot's insistence to the contrary, his failure to raise his due process claim to the Tennessee Court of Criminal Appeals on direct appeal constituted a procedural default of that claim for which he has demonstrated no cause and prejudice to relieve his default. Therefore, his motion to alter or amend based on this argument will be denied.

Next, the petitioner contends that the court did not notify the petitioner that he needed to respond to the response to the petition (Docket No. 16) prior to entering its order and memorandum dismissing the petitioner's claims. (Docket No. 21 at 1). To the extent that the petitioner believes the court dismissed any of the petitioner's claims simply because he failed to respond to the response by the respondent, the petitioner misunderstands the court's decision. The petitioner was not required to respond, and the court did not base any part of its decision on the petitioner's lack of a

3

response.  Except as to the court's holding with regard to the petitioner' due process claim (as discussed above), the petitioner does not argue that the court's decision was based on a clear error of law.  The petitioner does not allege that, had he been directed to file a response, he would have presented newly discovered evidence or brought an intervening change in controlling law to the court's attention.  Neither does he argue that manifest justice demands that the court alter its previous ruling.  For all of these reasons, the petitioner's argument fails.

Accordingly, the petitioner's motion to alter or amend (Docket No. 21) will be denied.

An appropriate order will be entered.

_____
Todd J. Campbell
United States District Judge